UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BETTY GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:09-MC-42 |
| v. ) | *Collier / Lee* |
| ) | |
| SCOTT DAVIS and ) | |
| H. RICHARD MARCUS, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for permission to file her proposed complaint [Doc. 1]. Plaintiff previously filed an action against Scott Davis, who is named as a defendant ("Defendant Davis") in Plaintiff's proposed complaint. The previous action filed by Plaintiff against Defendant Davis was dismissed by the Court as frivolous. *Graham v. Liberty Mutual Ins. Co.*, No. 1:08-cv-299. In dismissing the previous action, the Court ordered that the Clerk's office not accept any further filing from Plaintiff against Scott Davis unless such filing is first certified as "not frivolous" by a magistrate judge. Plaintiff's motion seeking permission to file her proposed complaint was accepted by the Clerk for the sole purpose of submitting the proposed complaint to the undersigned to evaluate whether it is frivolous. For the reasons below, I **RECOMMEND** that Plaintiff's motion for permission to file [Doc. 1] be **DENIED** as the proposed complaint is frivolous.

Plaintiff claims that in December, 2006, she was improperly denied medical benefits by Liberty Mutual Insurance Company ("Liberty Mutual"), and she sued Liberty Mutual in state court, apparently on that basis. Following the dismissal of her state court action, Plaintiff sued Defendant Davis in this Court in February, 2008, alleging that he, as counsel for Liberty Mutual, misled the

state trial court by asserting that Plaintiff's claim was barred by a one-year statute of limitations. *Graham v. Fleissner Firm*, No. 1:08-cv-31. That case was dismissed by this Court under the *Rooker-Feldman* doctrine. Plaintiff again sued Defendant Davis in this Court in December, 2008, asserting constitutional and common law theories, and alleging that Liberty Mutual, and Defendant Davis, as its agent, denied her claim for benefits without a reasonable basis. *Graham v. Liberty Mutual Ins. Co.*, No. 1:08-cv-299. Plaintiff's constitutional claims were dismissed because neither defendant was a state actor and her common law claims were held to be barred by the exclusivity provision of the workers' compensation law.

In her proposed complaint, Plaintiff alleges Defendant Davis and another defendant, H. Richard Marcus ("Defendant Marcus"), conspired with "malice intent" to prevent her from exercising her civil right of access to the courts. While her complaint is by no means clear, Plaintiff seems to allege that Defendant Davis, in conspiracy with Defendant Marcus, was responsible for the termination of her medical benefits by Liberty Mutual in order to cause her to become ill and to put her at a disadvantage in another state court action against Lake Park/Signal View. To support this conclusion, Plaintiff asserts that she "believe[s]" that Defendant Davis "played a part in the refusal of [her] medications," but she offers no additional factual basis for that belief. Plaintiff's conclusions of conspiracy seem to derive from her allegations that Defendant Marcus is a board member for Lake Park/Signal View, sued by Plaintiff in state court, and Defendant Davis represents both Lake Park/Signal View and Liberty Mutual. Plaintiff further alleges that although she repeatedly met with Defendant Davis in his capacity as counsel for Liberty Mutual, "Davis at no time revealed to the plaintiff his involvement in both cases and his control of all the plaintiffs [sic] medical records . . . ."

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "'detailed factual allegations,'" it does require that the plaintiff allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). *Iqbal* requires that an assertion be more than "conceivable"; it must be "plausible." *Id.* at 1951. The *Iqbal* standard applies to each element of a claim, *see id.* at 1947, and Plaintiff must therefore present facts sufficient to plausibly support the conclusion that Defendants engaged in a conspiracy for the purpose of depriving Plaintiff's constitutionally protected rights, an act in furtherance of the conspiracy, and an injury. 42 U.S.C. § 1985.

The facts alleged by Plaintiff with respect to Defendant Davis, namely, Defendant Davis' role as counsel for two separate entities whose interests were adverse to Plaintiff's and Liberty Mutual's denial of Plaintiff's benefits, cannot plausibly support the inference that Defendant Davis was engaged in a conspiracy to deny Plaintiff access to the courts. An inference of unlawful conspiracy is not suggested by "lawful parallel conduct," even if such conduct is also "consistent with" the existence of a conspiracy. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (discussing the pleading standard applicable to the element of conspiracy under the antitrust statute, 15 U.S.C. § 1). With respect to Defendant Marcus, there is even less to support his participation in a conspiracy. Plaintiff alleges only that Defendant Marcus is on the board of directors for an entity she has sued in state court. As in *Iqbal*, Plaintiff's complaint "has not 'nudged [her] claims' . . . 'across the line from conceivable to plausible." *Iqbal*, 129 S.Ct at 1951. In fact, Plaintiff's assertions are barely conceivable. Accordingly, I cannot certify that Plaintiff's proposed complaint

3

[Doc. 1-1] is not frivolous, and I **RECOMMEND**[1] that her motion for permission to file [Doc. 1] be **DENIED**.

In addition, I conclude that Plaintiff's current filing is related to the previous case against Defendant Davis, because both her proposed complaint and the previous complaint include claims arising out of the allegedly wrongful denial of medical benefits by Liberty Mutual. *See* Local Rule 3.2(d)(3)(A) (defining related cases to include those arising out of the same transaction or occurrence and involving one or more of the same parties). The Clerk is therefore **INSTRUCTED** to associate case no. 1:09-mc-42 with case no. 1:08-cv-299.

                                               s/*Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).