UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BETTY GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:09-mc-42 |
| v. ) | No. 1:08-cv-299 |
| ) | Chief Judge Curtis L. Collier |
| SCOTT DAVIS and ) | |
| H. RICHARD MARCUS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Betty Graham's ("Plaintiff") motion to reconsider the report and recommendation ("R&R") issued by Magistrate Judge Susan K. Lee denying her permission to file a complaint against Defendants Scott Davis ("Davis") and H. Richard Marcus ("Marcus") (Court File No. 3).[1] In a previous action filed by Plaintiff against Scott Davis, the Court dismissed Plaintiff's complaint as frivolous and ordered the Clerk's office to not accept further filings from Plaintiff against Davis unless that filing was first certified as "not frivolous" by a magistrate judge. *Graham v. Liberty Mutual Ins. Co.*, No. 1:08-cv-299. Thereafter, Plaintiff filed a motion with the Court for purpose of receiving permission to file a new complaint against Davis (Court File No. 1). Judge Lee reviewed Plaintiff's motion and issued an R&R recommending that the motion be denied (Court File No. 2).[2]

Plaintiff now brings this motion to reconsider the R&R denying her permission to file a

---

[1] All citations are to the docket of case number 1:09-mc-42 unless otherwise noted.

[2] Noting the facts alleged in the second complaint arose out of the same transaction or occurrence and involved one or more of the same parties as those alleged in the previous action, Judge Lee also ordered that Plaintiff's motion in 1:09-mc-42 be associated with the previous action.

complaint against Davis and Marcus. The Court will treat this motion as an objection to Judge Lee's R&R. *See* Fed. R. Civ. P. 72. In bringing the motion, however, Plaintiff has failed to identify how the R&R is contrary to law. For this reason, the motion should be **DENIED**.

Plaintiff's various complaints against Davis began when Liberty Mutual Insurance Company ("Liberty Mutual) denied her claim for benefits. Following this denial of benefits, Plaintiff sued Liberty Mutual in state court. Davis represented Liberty Mutual in that action, in which Davis successfully had the case dismissed for exceeding the statute of limitations. After the state case was dismissed, Plaintiff sued Davis in federal court, alleging he deprived her of her civil right to access to the state court by representing to that state court that the case should be dismissed. *Graham v. Fleissner Firm*, No. 1:08-cv-31. The Court dismissed that claim under the *Rooker-Feldman* doctrine. *Id.* Plaintiff responded by filing a second federal complaint against Davis, alleging Liberty Mutual and Davis, as its agent, denied her claim for benefits without a reasonable basis in violation of her constitutional rights and state law. *Graham*, No. 1:08-cv-299. The Court determined Plaintiff failed to state a constitutional claim and the state law claims were barred by the exclusivity provision of the workers' compensation law. *Id.*

In the proposed complaint, Plaintiff alleges Davis and Marcus conspired to deny her access to the courts, in violation of her civil rights. The only information in the complaint which distinguishes it from Plaintiff's previously dismissed action against Davis is the addition of Marcus as a new defendant and the related allegation of conspiracy. After reviewing the record, the Court agrees this complaint is frivolous. As the magistrate judge noted, Plaintiff offers no facts in the complaint which would support a finding that a conspiracy actually existed. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (requiring a complaint to state a claim that is plausible on its face). From a reading of the complaint, it appears Marcus was a board member of Lake Park/Signal View,

but Plaintiff does not offer any additional facts explaining how Marcus was involved in her case. Furthermore, Plaintiff offers nothing in her objection to the R&R which would correct this defect. Thus, this complaint suffers from the same defects as the earlier filings and likewise should be dismissed.

Therefore, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's recommendation (Court File No. 2) and **DENIES** Plaintiff's motion for permission to file the proposed complaint (Court File No. 1).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**